UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

WERTEKS CLOSED JOINT STOCK
COMPANY d/b/a WERTEKS
PHARMACEUTICAL COMPANY and
THERMOLIFE INTERNATIONAL, LLC

        JURY DEMAND

    Plaintiffs,

v.

VITAMIN SHOPPE, INC., and VITAL
PHARMACEUTICALS, INC. d/b/a VPX

    Defendants.
_____/

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Werteks Closed Joint Stock Company d/b/a Werteks Pharmaceutical Company ("Werteks") and ThermoLife International, LLC ("ThermoLife") (collectively referred to herein as "plaintiffs"), by and through their undersigned counsel, hereby allege in their Complaint against defendants Vitamin Shoppe, Inc. ("Vitamin Shoppe") and Vital Pharmaceuticals, Inc. d/b/a VPX ("VPX") (collectively referred to herein as "defendants") as follows:

### NATURE OF THE ACTION

1.     This is a civil action for patent infringement of United States Patent No. 8,350,077 (hereinafter "the '077 Patent") arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1332(a), and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

3. The parties are diverse and the amount in controversy exceeds $75,000 exclusive of interests and costs.

4. This Court has personal jurisdiction over the defendants pursuant to Florida's long-arm statute F.S. § 48.193 (1)(a) in that the defendants are operating, conducting, engaging or carrying on a business or business venture in the State of Florida, have an office or agency in the State of Florida, or are committing tortious acts within the State of Florida.

5. Alternatively, this Court has personal jurisdiction over the defendants pursuant to Florida's long-arm statute F.S. § 48.193(2) in that the defendants are engaged in substantial and not isolated activity within the State of Florida, whether such activity is wholly interstate, intrastate, or otherwise, and are therefore subject to the jurisdiction of the court of the State of Florida, whether or not the claim arises from that activity.

6. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

7. Joinder of the plaintiffs is proper under Fed. R. Civ. P. 20(a)(1) as ThermoLife is the exclusive licensee of the '077 Patent, which is owned by Werteks. Plaintiffs assert any right herein jointly against defendants and there are questions of law and fact common to all plaintiffs.

8. Joinder of the defendants is proper under Fed. R. Civ. P. 20(a)(2) and 35 U.S.C. § 299(a)(1)-(a)(2) of the America Invents Act as the infringing products at issue in this action are manufactured and marketed by VPX which is a Florida corporation and operates in Florida. VPX sold the infringing product at issue in this action in finished form directly or indirectly to

Vitamin Shoppe for re-sale to consumers and other retailers from Florida. Such defendants are jointly liable for infringement with respect to successive sales of the same infringing products which are manufactured, supplied, and/or provided by VPX. As such, plaintiffs' patent infringement claims against defendants give rise to common questions of fact and issues of law.

## THE PARTIES

9. Plaintiff Werteks is a Russian company with its principal place of business in Russia at 196135, Saint Petersburg, Moskovski district, Tipanova Street, Bldg 8, Apartment 100. Werteks' former English-language spelling was "Vertex."

10. Plaintiff ThermoLife is an Arizona limited liability company with a place of business at 1334 E. Chandler Blvd., Phoenix, AZ 85048.

11. On information and belief, defendant Vitamin Shoppe is a corporation organized and existing under the laws of Delaware. Vitamin Shoppe maintains places of business at, among other places: 2205 N. Federal Highway, Fort Lauderdale, Florida, 33305; 12301 NE Biscayne Blvd, North Miami, Florida, 33181; 1101 5th Street, Fifth & Alton, Miami Beach, Florida, 33139; 3301 SW 22nd St, Miami, Florida, 33145; and 8303 S Dixie Hwy, South Miami, Florida, 33143. These are all retail locations of Vitamin Shoppe. Vitamin Shoppe also maintains a primary corporate place of business at 2101 91st Street in North Bergen, New Jersey, 07047.

12. On information and belief, defendant VPX is a Florida corporation having its principal place of business at 1600 N. Park Drive in Weston, Florida, 33326.

## THE PATENT-IN-SUIT

13. On January 8, 2013, U.S. Patent No. 8,350,077, entitled "Amides Of Creatine, Method Of Their Preparation, And Remedy Possessing A Neuroprotective Activity," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the Patent is attached hereto as Exhibit A.

14. Werteks is the owner by assignment of the '077 Patent.

15. ThermoLife exclusively licenses the '077 Patent from Werteks.

16. ThermoLife has been given the right by Werteks to institute suit with respect to infringement of the '077 Patent, including this suit against the defendants, and is named in the suit as plaintiff by virtue of its role as exclusive licensee.

17. Werteks is named in this suit as the owner of the '077 Patent.

18. The '077 Patent is in full force and effect as of the date of this Complaint and at all times relevant to the allegations herein.

## FACTUAL BACKGROUND

19. Defendant VPX manufactures and markets dietary supplement products under the "Bang Master Blaster" brand name (the "infringing products").

20. Defendant VPX sells the infringing products directly or indirectly to the remaining defendants in finished form, who then sell such infringing products to consumers or other retailers for re-sale.

21. Defendants have committed the tort of patent infringement within the State of Florida, and more particularly, within this District, by virtue of the fact that they have formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and/or sold the infringing products in this District, and continue to do so without license or authorization.

22. Defendants' employees, agents, representatives and other persons sponsored by or who endorse defendants and the infringing products in advertising and marketing activities, have taken, used, and orally administered the infringing products.

23. The infringing products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by defendants to include certain ingredients that, by virtue of their inclusion in the products, infringe one or more claims of the '077 Patent.

24. These infringing ingredients, include, without limitation, those set forth in the infringement analysis attached hereto as Exhibit B.  The infringement analysis is submitted without limitation and is subject to further modification as this action continues.

25. Defendants are direct infringers of one or more claims of the '077 Patent, either literally or under the doctrine of equivalents.

26. Defendants VPX is willfully infringing one or more claims of the '077 Patent as at least because VPX has been on notice of its infringement of the '077 Patent since at least around April 1, 2014, when it was sued by ThermoLife pertaining to infringement of the '077 Patent, which suit was since dismissed.

27. On information and belief, VPX either notified the Vitamin Shoppe of the prior suit or alleged infringement, or Vitamin Shoppe independently learned about the suit or alleged infringement, yet continued to infringe the '077 Patent objectively, recklessly, and willfully.

## COUNT I
### (Infringement of U.S. Patent No. 8,350,077)

28. Plaintiffs re-allege and incorporate the paragraphs 1-27 from above.

29. Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '077 Patent by making, using, offering to sell and/or selling the infringing products and associated components in the United

States without authority and in violation of 35 U.S.C. §271(a) and, in the case of VPX, with knowledge of the '077 Patent since at least as early as April 1, 2014.

30. Defendants' infringement of the '077 Patent has been willful and deliberate.

31. Defendants' infringement of the '077 Patent will continue unless enjoined by this Court.

32. As a direct and proximate result of defendants' infringement of the '077 patent, plaintiffs have suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which plaintiffs are entitled to relief.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request the Court:

A. Enter a judgment that defendants have infringed at least one claim of the '077 Patent.

B. Order defendants to pay damages to adequately compensate plaintiffs for defendants' patent infringement, which damages shall be in no event less than a reasonable royalty or lost profits together with pre- and post-judgment interest.

C. Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining defendants and their respective officers, agents, servants, employees, attorneys, customers, licensors, suppliers and those in concert or participation with them from any further sales, offers for sale, importation or use of infringing products and services and any other infringement of the '077 Patent.

D. Find that defendants' patent infringement was willful and malicious and award treble damages to plaintiffs under 35 U.S.C. § 284.

E.    Find this to be an exceptional case of patent infringement under 35 U.S.C. § 285 and award reasonable attorneys' fees, costs, and expenses incurred by plaintiffs in prosecuting this action.

F.    Award such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs request trial by a jury for all claims and issues so triable.

Dated:  March 31, 2016                                          Respectfully Submitted,

By:  *s/Garrett Barten*
Garrett Barten, Esq.
gbarten@cwiplaw.com
Florida Bar No. 55371
Alan M. Weisberg, Esq.
aweisberg@cwiplaw.com
Florida Bar No. 479349
Elissa A. Tisdahl, Esq.
etisdahl@cwiplaw.com
Florida Bar No. 85521
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
(954) 828-1488 (Telephone)
(954) 828-9122 (Facsimile)
*Attorneys for Plaintiffs*
*WERTEKS CLOSED JOINT STOCK*
*COMPANY D/B/A WERTEKS*
*PHARMACEUTICAL COMPANY and*
*THERMOLIFE INTERNATIONAL, LLC*

*721730*