# EXHIBIT B

# INITIAL INFRINGEMENT ANALYSIS
# FOR U.S. PATENT NUMBER 8,350,077

# Regarding VITAL PHARMACEUTICALS, INC. and its Retailers-Distributors ("Infringers")

# and its BANG MASTER BLASTER—branded Products ("Products")

# WITHOUT LIMITATION AND WITHOUT WAIVER

# April 2016

# (Claim 1 Only)

| ASSERTED CLAIM OF PATENT NO. 8,350,077 | ACCUSED INSTRUMENTALITY AND HOW EACH ELEMENT IS MET BY THE ACCUSED INSTRUMENTALITY |
|---|---|
| 1. [1.1] Amides of Creatine having a general formula: NH=C(NH2)-N(CH3)-CH2-CO-NH-R*X, | Infringers literally infringe this entire Claim 1 because they have made, have had made by others, have used, have sold, have had sold by others and/or have offered for sale the Products which contain amides of creatine having a general formula set forth in this Claim 1 as further confirmed below, including without limitation the ingredient "Creatyl-L-Leucine" or "creatinyl-L-Leucine." <br><br> In the alternative, Infringers infringe this entire Claim 1 by way of the doctrine of equivalents as explained with respect to claim term 1.3 below. |
| [1.2] wherein R is amino acid residue of aliphatic L-amino acid, or aromatic amino L-acid or heteroaromatic L-amino acid or derivatives of aliphatic L-amino acid, or aromatic L-amino acid or heteroaromatic L-amino acid representing at least one of the following: salts of amino acid, amino acid | Infringers literally infringe this section of Claim 1 because the Products contain the ingredient "Creatyl-L-Leucine" or "creatinyl-L-Leucine" which satisfies the formula claimed in Claim 1, with R representing the aliphatic L-amino acid or derivative of aliphatic L-amino acid in the ingredient. <br><br> In the alternative, Infringers infringe this entire Claim 1 by way of the doctrine of equivalents as explained with respect to claim term 1.3 below. |

| | |
|---|---|
| esters, amino acid amides, or amino acid peptides; | |
| [1.3] and X is low-molecular-weight organic or mineral acid or water. | Infringers literally infringes this section of Claim 1 because a chemical structure followed by a center dot – as claimed in this Claim 1 – has the potential to indicate the presence of an addition compound such as "water." Hydrate systems (i.e., those in which the addition compound is water) can be classified from anhydrous to higher degrees of hydrates. "Water" as claimed in this Claim 1 actually refers to "degree of hydration" which can be zero. Therefore, whether or not the "Creatyl-L-Leucine" or "creatinyl-L-Leucine" ingredient in the Products is anhydrous or a hydrate, the Products infringe Claim 1.<br><br>By way of further support, Example 2 of the '077 Patent explains how to create a hydrate form of one of the claimed compounds. The hydrate of Example 2 is created by exposure of the precursor to water during the synthetic process. Those skilled in the art understand that just as a hydrate of a compound can be created by following Example 2, the anhydrous form can be created by exposing a generated hydrate of Example 2 to an elevated temperature chamber, or vacuum, or other method to reduce its hydration and create the anydrate.<br><br>By way of further support, the end of Example 4 of the '077 Patent shows a compound which does not reflect the presence of an organic acid, mineral acid, or water. It is a free base compound, and the degree of hydration is zero and the compound has no organic acid or mineral acid. Calculation of the molecular weight of the formula reflected at the bottom of Example 4 confirms that it is a free base compound.<br><br>By way of further support, the prosecution history of the '077 Patent, more |

|  | particularly the section of the history where the applicant made it clear that the patent would cover anhydrous forms, as set forth in its statement: "The general formula of the claimed Amides of Creatine can be structurally represented as follows:<br><br>$$\text{R-NH-C(=O)-CH}_2\text{-N(CH}_3\text{)-C(=NH)-NH}_2$$<br><br>".<br><br>*See* '077 Prosecution History at 68/344. This formula does not reveal an organic acid, mineral acid, or a hydrate.<br><br>In the alternative to literal infringement, Infringers infringe this section of Claim 1 by way of the doctrine of equivalents because, even if the formula claimed in this Claim 1 requires the presence of a hydrate compound and the Products contain an anhydrous compound, an anhydrous compound performs substantially the same overall function or work of a hydrate of that same compound under the '077 Patent, in substantially the same way, and obtains substantially the same overall result as the '077 Patent's invention with respect to that compound. There is no difference between ingesting an anhydrous compound and a hydrate compound under the '077 Patent, and there is no difference between an anhydrous compound and a hydrate compound once they have been dissolved in water. |